## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSARIO FRANCESCHI-VÁZQUEZ<br><br>*Plaintiff,*<br><br>vs.<br><br>CVS PHARMACY<br><br>*Defendant* | Civil No:<br><br>ACTION FOR:<br><br>**ADEA**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**TO THIS HONORABLE COURT:**

COMES NOW the Plaintiff, ROSARIO FRANCESCHI-VÁZQUEZ, through the undersigned attorney, and respectfully STATES, PRAYS and ALLEGES as follows:

## INTRODUCTION

1. This is a civil action brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq. ("ADEA"), the Puerto Rico Employment Discrimination Statute, 29 P.R. Laws Ann. §§ 146 (Law 100); Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 and § 5141, respectively, and the Puerto Rico Law Against Unjustified Discharge of an Employee, 29 P.R. Laws Ann. §§ 185(a)("Law 80").

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1331 since this action arises under laws of the United States. Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The state claims are so related to the federal claims

in this action that they form part of the same case or controversy under Article III of the United States Constitution as provided under 28 U.S.C. § 1367(a).

3. Venue lies properly in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

## PARTIES

4. Plaintiff is a natural person, 57 years of age, citizen of the United States of America, and resident of the Commonwealth of Puerto Rico.

5. Upon information and belief, CVS PHARMACY is an entity organized under the laws of the Commonwealth of Puerto Rico with legal capacity to sue and be sued.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. In October 2009, Plaintiff was interviewed by phone for the position of Beauty Department Manager (BDM) in the beauty/cosmetics department at the CVS pharmacy that was to begin operation in Puerto Rico shortly thereafter.

7. During October 2009, Plaintiff had a second interview, this time in person, with a CVS executive employee from the U.S. who traveled to Puerto Rico to interview potential new employees to be recruited to work in the CVS Pharmacy to be opened in old San Juan.  During this interview Plaintiff was asked of her availability for work in any CVS store, to which Plaintiff replied that she was willing to work at any store.

8. At the conclusion of the interview, Plaintiff was congratulated for being recruited for the position of BDM for the old San Juan store.

9. In January 2010, Plaintiff began a 3-day training offered by CVS to its new employees.

10. Upon completion of this training, Plaintiff was informed by Juan Pons, the manager of the new CVS pharmacy store (the Old San Juan pharmacy), that he had awarded the position of BDM to Monica Ortiz, a young woman in her mid 20s.

11. To Plaintiff's surprise the other 2 positions in the beauty/cosmetic department – Beauty Advisor (BA) – were granted to the "Zoey" and "Valerie", both young women in their mid 20s who had neither formal education, training, or experience in the field of cosmetics.

12. Plaintiff has the following education and training in the field of beauty and cosmetics: Master Cosmetology from the Medow School of Business in Columbus, Georgia in the year 1985 /1986; operated her own beauty salon in Columbus, Georgia from 1987 to 1994. Hair stylist and beauty technician at Classic Cuts in Alabama from 1994 to 2000.

13. In addition to Plaintiff not being selected to work at beauty/cosmetic department, these 3 young women were given full-time schedule while Plaintiff was only awarded a part time job working on the floor of the store.

14. Although not hired to work at the beauty/cosmetic department, Plaintiff was often sent to this department to assist its employees as these had no formal education or experience in cosmetology.

15. In May of 2010, Zoey resigned. At the time Plaintiff applied to work in the beauty/cosmetics department for the position of BA. Plaintiff was rejected for that position and instead the position was offered to "Ninoska" another young lady in her mid 20s.

16. "Ninoska" had no seniority over the Plaintiff at CVS, and had no formal preparation, training or experience in the field of cosmetics.

17. "Ninoska" was also given a full-time job while Plaintiff remained a part-time employee on the floor.

18. Plaintiff complained to the Store Manager, Juan Pons, regarding his age discriminatory conduct. To which Mr. Pons only responded to Plaintiff: "*you're not ready for the job.*" When Plaintiff confronted Mr. Pons with her extensive preparation, training and experience, Mr. Pons simply did not respond to Plaintiff.

19. Mr. Pons decision so discriminatory that even the BDM, Monica Ortiz, informed the Plaintiff that Mr. Pons' decision was very unfair and even advised the Plaintiff to contact Mr. Ahmed, the District Manager, to report the discrimination treatment that Plaintiff was receiving at the hands of Mr. Pons.

20. Thereafter, Plaintiff reported to the CVS ethics line in the United States the discriminatory treatment she was receiving at the store particularly her suffering at the hands of Mr. Pons by offering vacant positions at the beauty/cosmetic department exclusively to young women.

21. CVS ignored Plaintiff's complaints of age discrimination.

22. The age discrimination conduct against the Plaintiff was so evident and prevalent throughout the store that even Ninoska and Monica - as they increasingly received new beauty product aimed for older people - would called the Plaintiff to try those new products on the Plaintiff. During these tryouts these employees would make statements to the effect that Plaintiff was surely qualified for these products aimed for older customers.

4

23. In 2011 and 2012 other young women worked in the beauty/cosmetic department of old San Juan CVS store without providing Plaintiff with the opportunity to work at this department.  These were Erika, Sheila, Stephanie and Russell. All these women were in their mid 20s.

24. As a result of the recruitment of these young women Plaintiff was even removed from assisting in the beauty/cosmetology department and Plaintiff's hourly working schedule was also reduced.

25. Another young woman in her mid 20s, Ana Gabriel, was also recruited during this period, who despite not having worked in cosmetics while working in CVS in Old San Juan she was nonetheless offered a BA position in the new CVS pharmacy in Guaynabo.

26. In early 2012 Ninoska was transferred to a new CVS pharmacy in Carolina and a vacancy for the position of BA opened. Plaintiff applied for the position but was again denied the position.  The position was instead given to Sheila, who had less seniority than the Plaintiff as well as less training and experience than the Plaintiff in cosmetic field.

27. At this time, Plaintiff filed a second complaint for age discrimination through the ethics phone line of CVS in the United States.  As a result of this complaint Store Manager Pons was furious with the Plaintiff because he was eventually forced to offer Plaintiff the position of BA.  To continue discriminating against the Plaintiff Mr. Pons gave her the BA position on a part time basis despite the fact that the BA positions had always been a full-time position.

5

28. Moreover, despite having been given the BA position, Mr. Pons regularly instructed his assistant managers to order the Plaintiff to leave the beauty/cosmetic department to go work on the floor.  Plaintiff believed this was done in retaliation for the discrimination charges she levied against Mr. Pons when he originally gave the BA position to Sheila.

29. In early 2012 when the Beauty Department Manager, Monica Ortiz, went on vacation Manager Pons appointed Stephanie to lead the cosmetics department instead of the Plaintiff.  Stephanie had no knowledge, preparation or experience to lead the department and depended on Plaintiff's professional help to perform her job.

30. In late 2013 after Manager Pons was transferred to the Guaynabo store he took Monica Ortiz with him to lead the beauty/cosmetic department in that store.  This created a vacancy for the BDM position.

31. Prior to moving to CVS in Guaynabo Manager Pons insisted to "Ramon" the new manager to appoint Melanie, a young woman in her mid 20s, to the position of BDM.  Despite Mr. Pons efforts Manager "Ramon" gave the position of BDM to the Plaintiff.

32. However, in June 2013 a new Store Manager, Luis Rolón, was appointed to the old San Juan CVS Pharmacy.

33. Manager Rolón retook the general discriminatory atmosphere that was so prevalent during the reign of Manager Pons.  Manager Rolón immediately began denying the Plaintiff any support from other co-workers at the store.

34. Upon Mr. Rolón's arrival he also sent the Plaintiff to work cleaning the refrigerators.

35. As a result of this outrageous decision ordered by Mr. Rolón Plaintiff was forced to work at the refrigerator where she eventually suffered an accident while working there.

36. As soon the doctor gave Plaintiff the permission to go back to work, on June 5, 2013 approximately, Mr. Rolón gave Plaintiff a schedule with closing hours of 12:00 a.m. and with work on Saturdays. This schedule would do away with a reasonable accommodation given and honored to Plaintiff since her recruitment at CVS to be able to care for her incapacitated daughter. This accommodation consisted en being allowed to work without a closing shift and without shifts on Saturdays.

37. Plaintiff spoke to Mr. Rolón about the new schedule and provided him with all documentation in which it was established Plaintiff's reasonable accommodation. Mr. Rolón then informed the Plaintiff that he was not going to follow Plaintiff's accommodation. Immediately, as an age discriminatory act against the Plaintiff Mr. Rolón refuse to give Plaintiff any working schedule and forced her to turn in her resignation for the BDM position in order to allow her back in the store schedule. Plaintiff was out of work for approximately 1 and a half weeks as a result of Mr. Rolón insistence that Plaintiff submit her resignation to the BDM position before he put her back in schedule.

38. After being forced to submit her resignation to the BDM position, Mr. Rolón continued his age discrimination against the Plaintiff as the next working scheduled give to the Plaintiff included Saturdays.

39. Another example of the discrimination conduct against the Plaintiff occurred when she returned to work she was immediately sent - pursuant to instructions from Mr.

7

Rolón - to the self check area where no one wanted to work and was kept there until the break.  Despite the fact that other individuals were required to take turns at the self check area, the days that Plaintiff was required to work at the store she was very often the only one sent to the self check area during her entire shift.

40. On July 13, 2013, Plaintiff was sent to work at one of the 4 cashiers in the store. The other 3 cahiers were closed.  At some point in time a cruise ship arrived at the Old San Juan Port. The store filled up with a rush of people about 100 in number – mainly tourists from the ship.  Very soon the check out line had more than 40 people and it remained that way for more than 30 minutes.  Mr. Rolón was working on the shelves right in front of the Plaintiff but did not opened any other cashier despite the fact that Plaintiff repeatedly continued to call for back up.  Only after numerous requests for assistance, Assistant Manager Nelson came to assist the Plaintiff and opened another cashier.

41. On July 15, 2013 while Plaintiff was sent to work with Assistant Manager Jenisbeth with some shipments that had arrived Assistant Manager Arelys came to the area and informed Plaintiff that Mr. Rolón had requested that Plaintiff go to the self check area.  After Plaintiff complained since the back up for the self check area was always the person working at the photo department, Mr. Rolón nonetheless informed the Plaintiff that either she goes to the self check out area or clock out.

42. Among the comments and discriminatory actions that Plaintiff suffered at the hands of her supervisors and employees of CVS because of her age are the following:

    a.  Assistant manager Angela Lopez once stated to Plaintiff "*That's why I am fresh lettuce and you are dry grass*"

8

b. On several occasions while working in the warehouse using stairs to get merchandise several employees and assistant manager among these Assistant Manager Orlando, Assistant Manager, Javier Arnaldo, and floor employee, Jonathan would state to the Plaintiff "Be *careful Rosario, remember you can no longer obtain your body parts*."

c. In one occasion commenting about an error on a letter from her health care provider addressed to Plaintiff that stated that Plaintiff' benefits extension "ends on January 1800" Manager Ramón stated " *Wow I knew you were old but not that old*." This statement was made in the presence of other Assistant Managers among them José Javier who began to laugh at the comment.

d. As a way to pressure the Plaintiff Manager Rolón once refused to open other check out lanes and left Plaintiff alone at the cash register despite the fact that the store had suddenly received about 100 people who came from one of the cruise ships that had just arrived in Puerto Rico very close to where the CVS store is located in old San Juan.

e. As another way to pressure the Plaintiff, Mr. Rolón would give Plaintiff a working schedule that would force her to close that store and work on Saturdays, which would do away with a reasonable accommodation given and honored to the Plaintiff to be able to care for her incapacitated daughter.

f. In one occasion Plaintiff and Sheila were given similar schedule to work at the beauty/cosmetic department. When Plaintiff informed Assistant Manager

"Orlando" of this conflict in the working schedule, he instructed Sheila to go to cosmetics. When Plaintiff questioned why she wasn't sent to the cosmetic department, Orlando stated to the Plaintiff in front of other employees and customers that she did not have the requirements to work as the beauty/cosmetic department. When Plaintiff confronted Orlando asking him why he would state that Plaintiff did no have the requirements to work at the beauty/cosmetic department, Orlando stated "*Because you are not young.*"

43. As the prevalent age based discrimination continue against the Plaintiff affecting her state of mine, she had no other choice but to resign from her job at CVS which she did on July 15, 2013.

44. After exhausting administrative remedies, a Plaintiff received her right to sue letters from the EEOC on June 26, 2014 (discrimination) and July 21, 2014 (retaliation)

## FIRST CAUSE OF ACTION: *Age Discrimination (ADEA)*

45. The allegations contained in paragraphs 1 through 44 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

46. Defendant's aforementioned age discrimination conduct constitutes an unlawful employment conduct pursuant to Age Discrimination in Employment Act.

47. Defendant's aforementioned conduct was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the Age Discrimination in Employment Act.

48. As a direct and proximate cause of Defendant's aforementioned age discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action,

10

great emotional and financial damages estimated at one million dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION: *Puerto Rico Law 100*

49. The allegations contained in paragraphs 1 through 48 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

50. Defendant's aforementioned age discrimination conduct constitutes an unlawful employment conduct pursuant to Puerto Rico Law 100.

51. Defendant's aforementioned conduct was made with malice and with reckless indifference of Plaintiff's state protected rights, and thus, constitutes an unlawful employment conduct pursuant to the Puerto Rico Law 100.

52. As a direct and proximate cause of Defendants' aforementioned age discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

## THIRD CAUSE OF ACTION: *Article 1802 of the Puerto Rico Civil Code*

53. The allegations contained in paragraphs 1 through 52 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

54. Defendant's aforementioned conduct constitutes an unlawful employment conduct sanctionable under Articles 1802 of the Puerto Rico Civil Code.

55. As a direct and proximate cause of Defendant's aforementioned conduct, Plaintiff has suffered and will continue to suffer emotional and financial damages estimated at one million dollars ($1,000,000.00) under this cause of action.

## JURY TRIAL

56. Plaintiff hereby invokes his Seventh Amendment Right to a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment imposing on Defendant CVS PHARMACY the payment of a) compensation of three million dollars ($3,000,000.00) for the first 3 causes of action; b) liquidated damages; d) double compensatory damages pursuant to Law 100; e) all loss wages, including front and back pay; f) reinstatement; g) all with interest, attorney fees and the cost of litigation, as well as any other remedy this Honorable Court deems just and proper.

In Juana Díaz, Puerto Rico on the 10th day of September, 2014.

*S/ALFREDO ACEVEDO CRUZ*
**ALFREDO ACEVEDO CRUZ, ESQ.**
**USDC-PR NUMBER 220705**

**LAW OFFICE OF ALFREDO ACEVEDO CRUZ**
**P.O. BOX 93**
**JUANA DIAZ, PR 00795**
**Tel.: (787) 837-0031**
**Fax: (787) 837-0032**
**e-mail: lcdoacevedo@yahoo.com**